IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN E. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:90-cv-00780 |
| ) | Judge Trauger |
| NEIL RONE, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Pending before the court in this habeas corpus action is petitioner John E. Carter's motion for relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 113), which he filed along with an application to proceed as a pauper (Doc. No. 112), a supporting memorandum (Doc. No. 114), and a motion to reappoint counsel (Doc. No. 115). The respondent has filed a response in opposition to the Rule 60(b)(6) motion. (Doc. No. 117.)

**I. PROCEDURAL HISTORY**

The petitioner has attempted in a variety of ways over the last 27 years to win recognition that, as a matter of federal due process, he is entitled to have the Tennessee Supreme Court's 1992 clarification of the deliberation element of first-degree murder in *State v. Brown*, 836 S. W. 2d 530 (Tenn. 1992), applied to his 1983 conviction for the murder of his grandparents. He has insisted that there was no evidence that he deliberated over the killings he committed with the "cool purpose" that is necessary to establish that statutory element of first-degree murder as interpreted

in *Brown*, and that the state therefore failed to prove deliberation beyond a reasonable doubt.[1] He apparently first asserted this argument in a motion to supplement his brief before the Sixth Circuit on appeal from this court's February 1993 denial of his petition in this action under 28 U.S.C. § 2254. (*See* Doc. No. 113 at 8–9.) The Sixth Circuit denied his motion to supplement and, in December 1993, affirmed the denial of his habeas petition without mentioning *Brown*. *Carter v. Rone*, 12 F.3d 211, 1993 WL 498200 (6th Cir. Dec. 2, 1993).

The petitioner filed his first Rule 60(b)(6) motion in this case on March 28, 2005. (Doc. No. 45.) The court construed that motion as a request to file a second or successive petition under Section 2254 and forwarded it to the Sixth Circuit. (Doc. No. 49.) The Sixth Circuit denied the request (Doc. No. 61), dismissing the petitioner's argument that "his convictions were based on prior erroneous interpretations of state law by the Tennessee Supreme Court" and "now violate the Due Process Clause." (*Id.* at 2.) The petitioner's second Rule 60(b)(6) motion (Doc. No. 63, filed on January 30, 2006) was noted by this court to cite the same authority and raise the same claims using the same arguments as his first motion, and was therefore denied as untimely, as was his

---

[1] At the time of the petitioner's conviction and until 1995, the Tennessee Code defined first-degree murder to include, e.g., a killing that is "willful, deliberate, malicious, and premeditated." Tenn. Code Ann. § 39-2402 (1982). As the *Brown* court stated,

> It is consistent with the murder statute and with case law in Tennessee to instruct the jury in a first-degree murder case that no specific period of time need elapse between the defendant's formulation of the design to kill and the execution of that plan, but we conclude that it is prudent to abandon an instruction that tells the jury that "premeditation may be formed in an instant." Such an instruction can only result in confusion, given the fact that the jury must also be charged on the law of deliberation. If it was not clear from the opinions emanating from this Court within the last half-century, it is now abundantly clear that the deliberation necessary to establish first-degree murder cannot be formed in an instant.

836 S.W.2d at 543.

third Rule 60(b)(6) motion (Doc. No. 69, filed on July 12, 2006). (*See* Doc. Nos. 67 & 72.) The court deemed it unnecessary to forward the petitioner's second and third motions, raising the same or similar arguments as his first, to the Sixth Circuit for consideration as second or successive habeas petitions. (*See id.*) The Sixth Circuit affirmed this court's denial of relief on timeliness grounds. (*See* Doc. No. 85 at 2.)

On the same day that he filed his second Rule 60(b)(6) motion in this case, January 30, 2006, the petitioner also filed a second petition under Section 2254 in this court. *See Carter v. Carlton*, No. 2:06-cv-00012 (M.D. Tenn.) (Haynes, J.). Counsel was appointed for the petitioner, though the court ultimately transferred the matter to the Sixth Circuit, which denied authorization to file a second or successive habeas petition. (Case No. 2:06-cv-00012, Doc. No. 24.) The petitioner subsequently filed his third and final habeas petition in *Carter v. Sexton*, No. 2:12-cv-00029 (M.D. Tenn.) (Sharp, J.). The petitioner proceeded pro se and achieved the familiar result of having his case transferred to the Sixth Circuit, which denied authorization to file the second or successive petition. (Case No. 2:12-cv-00029, Doc. No. 28.)

In this, the fourth Rule 60(b)(6) motion in his original habeas proceeding under 28 U.S.C. § 2254, the petitioner bases his argument for the application of *Brown* upon the U.S. Supreme Court's decisions in *Bousley v. United States*, 523 U.S. 614 (1998), *Fiore v. White*, 531 U.S. 225 (2001), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). (*See* Doc. No. 113 at 22–25.) He states that, "[s]ince *Brown*, [he] has attempted to have *Brown* applied to his case in at least 13 separate . . . proceedings that were denied on procedural rulings inconsistent with *Montgomery*, *Fiore*, and the Federal Due Process Clause,"[2] showing that he "has been especially diligent in

---

[2] It bears noting that the rulings against the petitioner have not been entirely based on procedural blocks to his claims. The Sixth Circuit recently noted that the petitioner had "raised a *Brown*-based challenge to his convictions in state court, which was rejected on its merits" almost

3

seeking application of the *Brown* clarification to his pre-*Brown* final convictions." (*Id.* at 2.) In an affidavit supporting his motion, the petitioner describes the prelude to this most recent attempt to reopen his habeas case:

> After repeatedly being told by state and federal courts that there is no judicial process that allows me to obtain a *Brown* based reevaluation of my convictions (including two prior motions under Rule 60(b)(6)), I reluctantly began to believe it --- despite my belief that federal due process requires reevaluation. And this was my belief and mental state at the time the Sixth Circuit issued its opinion in *John E. Carter v. Herbert Slatery III, Attorney General*, No. 3:17-cv-01118, 2018 WL 4254631 (M.D.Tenn., September 6, 2018), *affirmed*, No. 18-6013, 2019 WL 1421064 (6th Cir., January 14, 2019), *rehearing denied* (6th Cir., February 27, 2019).
>
> This *Carter v. Slatery* opinion infuriated me, because it pointed to this (my original) *Carter v. Rone* habeas proceeding, and told me that this proceeding was the only federal proceeding available for me to receive the *Brown* based reevaluation --- a reevaluation the Sixth Circuit has conceded is required under *Fiore v. White*, 531 U.S. 225, 226-29 (2001) (per curiam), and the Federal Due Process Clause.
>
> Immediately after receiving this *Carter v. Slatery* opinion, I began searching the institution's WestLaw computer looking (for one last time) if there is any possible way to have my convictions reevaluated under *Brown* --- through either this *Carter v. Rone* proceeding, or any other state or federal proceeding.

---

two decades ago. *Carter v. Slatery*, No. 18-6013, 2019 WL 1421064, at *3 (6th Cir. Jan. 14, 2019) (citing *Carter v. Carlton*, No. E2000-00406-CCA-R3-PC, 2001 WL 170878, at *3 (Tenn. Crim. App. Feb. 22, 2001)). In *Carlton*, the Tennessee Court of Criminal Appeals affirmed the denial of state habeas relief to the petitioner, holding that *Brown* did not impact the sufficiency of the notice provided by his indictment on first-degree murder charges. 2001 WL 170878, at *3. The court emphasized that it had "held time and again" that the clarification in *Brown* does not render the "former ambiguity" in defining premeditation and deliberation of constitutional concern, such that "an individual convicted of first degree murder pre-*Brown* is laboring under a void conviction." *Id.* In addition, the Sixth Circuit itself briefly addressed the merits of the petitioner's *Brown* argument in 2007, denying him leave to file a second or successive habeas petition based in part on the trial testimony of his girlfriend "that he had told her how easy it would be to kill his grandparents and receive his inheritance." (Doc. No. 86 at 4.) Although the petitioner derides reliance upon a "single sentence" of testimony from his girlfriend (*see* Doc. No. 113 at 14), the Sixth Circuit found this testimony to be "evidence of cool purpose" supporting the conclusion that he was not improperly convicted under *Brown*'s clarification of the deliberation element, at least not for purposes of showing the extraordinary circumstances required to revive this federal habeas case. (*Id.*)

4

(Doc. No. 113-7 at 2–3.) The petitioner claims that his research in the wake of the Sixth Circuit's decision in *Carter v. Slatery* eventually led him to the realization, on September 6, 2019, that "he <u>might</u> have a Rule 60(b)(6) claim under *Montgomery*." (Doc. No. 113 at 30 (emphasis in original).) He filed the instant motion on December 12, 2019.

## II. ANALYSIS

To begin with, the court must determine whether it has jurisdiction to consider the petitioner's Rule 60(b)(6) motion, or whether that motion should be treated as a second or successive habeas application that the Sixth Circuit must first authorize under 28 U.S.C. § 2244(b). *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) ("A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA."). "For purposes of § 2244(b), an 'application' for habeas relief is a filing that contains one or more 'claims.' A motion contains a 'claim,' and is thus a successive habeas petition, if it asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 (2005)).

The instant motion does not assert any ground for relief that could be characterized as new, nor does it attack this court's previous resolution of the underlying Section 2254 petition. Rather, the petitioner continues to assert the same, due process-based argument under *Fiore*, *et al.*, that he asserted in his previous Rule 60 motions. (*Cf.* Doc. No. 113 at 22–24 (relying on *Bousley* and *Fiore* and stating "Carter's case is controlled by *Fiore*") *with* Doc. No. 63 at 15 (relying on "the *Bousley*/*Fiore* doctrine") and Doc. No. 69 at 22 ("Petitioner's case is controlled by the due process principles in *Fiore v. White*.").) Although he updates his argument to include *Montgomery v. Louisiana* and its holding "that when a new substantive rule of constitutional law controls the

5

outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule," 136 S. Ct. at 729, his central contention continues to be that *Brown* announced a new substantive rule of law and that it would be "inconsistent with the doctrinal underpinnings of habeas review" to preclude him from relying on *Brown* in seeking to reopen his case. (Doc. No. 113 at 23–25.) The Sixth Circuit has already declined to authorize a second or successive habeas petition based on the petitioner's claim that he was unconstitutionally convicted under the "prior erroneous interpretations of state law by the Tennessee Supreme Court" that gave way to *Brown*. (Doc. No. 61 at 2.) Accordingly, as before, this court finds it proper to consider the petitioner's Rule 60(b)(6) motion.

Rule 60(b)(6)—the catchall provision governing relief from a final judgment for "any other reason that justifies relief"—applies only in "exceptional or extraordinary circumstances where principles of equity mandate relief," which "rarely occur in the habeas context." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citations and internal quotation marks omitted). Even if such circumstances arguably exist, to be considered, a motion under this subsection must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." *Tyler*, 749 F.3d at 510 (internal citations omitted).

While the reasonableness determination considers diligence in seeking relief, *Miller*, 879 F.3d at 699, the petitioner's diligence over the decades in seeking relief based on *Brown* does not provide any basis for finding his Rule 60(b)(6) motion timely, as it has been definitively established as the law of this case that his efforts to secure relief from this court's 1993 judgment based on *Bousley* and *Fiore* are untimely. (*See* Doc. Nos. 67, 72, 85.) The only effort the petitioner makes to distinguish the timing of this particular motion is his claim that his research led him to

6

realize, on September 6, 2019, that *Montgomery* could be the basis of a Rule 60(b)(6) argument, and that he moved diligently to file the instant motion shortly thereafter. (Doc. No. 113 at 30.) He argues that *Montgomery*—in holding "that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule," 136 S. Ct. at 729—"placed new constitutional obligations on the states." (Doc. No. 113 at 25.)

Although "[c]hanges in decisional law are usually not an extraordinary circumstance" justifying Rule 60(b)(6) relief, *Wright v. Warden, Riverbend Maximum Sec. Inst.*, 793 F.3d 670, 672 (6th Cir. 2015), for purposes of the threshold timeliness determination, the court must "examine the time between the date of the decision constituting a change in the law and the date that the Rule 60(b)(6) motion was filed." *Miller*, 879 F.3d at 699. *Montgomery* was decided on January 25, 2016. The petitioner's failure to discover it as a potential avenue of Rule 60(b)(6) relief until nearly four years later, despite his diligence in otherwise litigating the *Brown* issue in this and other courts through other causes of action, clearly cannot justify a finding that the instant motion was filed "within a reasonable time." *Cf. Gonzalez*, 545 U.S. at 536–37 (finding an 8-month delay was not diligent); *Wright*, 793 F.3d at 672 (recognizing Rule 60(b) movant's diligence in filing within 12 months of Supreme Court decision but denying motion because "diligence alone, while a factor to be considered, is not enough to demonstrate extraordinary circumstances in light of the other factors that counsel against Rule 60(b)(6) relief, most notably the public policy favoring finality of judgments and termination of litigation"). This is particularly true because the petitioner was aware of the decision in *Montgomery* (if not its potential to support a Rule 60 motion) since at least March 2018, when he identified it as support for his complaint in this court

7

under 42 U.S.C. § 1983. *See Carter v. Slatery*, No. 3:17-cv-00118, Doc. No. 8 (M.D. Tenn. Mar. 22, 2018).

Finally, even if the petitioner's motion could somehow be deemed timely vis-à-vis *Montgomery*, that decision cannot bear the weight required to justify Rule 60(b)(6) relief in this case, as it speaks to the states' obligation to retroactively apply outcome-determinative, substantive rules of federal constitutional law—in that case, the Eighth Amendment prohibition on mandatory life without parole sentences for juvenile offenders announced by the Supreme Court in 2012. As the Court explained,

> If a State may not constitutionally insist that a prisoner remain in jail on federal habeas review, it may not constitutionally insist on the same result in its own postconviction proceedings. Under the Supremacy Clause of the Constitution, state collateral review courts have no greater power than federal habeas courts to mandate that a prisoner continue to suffer punishment barred by the Constitution. If a state collateral proceeding is open to a claim controlled by federal law, the state court "has a duty to grant the relief that federal law requires." *Yates* [*v. Aiken*], 484 U.S., at 218, 108 S. Ct. 534. Where state collateral review proceedings permit prisoners to challenge the lawfulness of their confinement, States cannot refuse to give retroactive effect to a substantive constitutional right that determines the outcome of that challenge.

*Montgomery*, 136 S. Ct. at 731–32.

The case at bar, by contrast, revolves around a state supreme court's corrective to the confusing way in which a state statute's elements were being described to juries, *Brown*, 836 S.W.2d at 543, which the courts of the state have emphatically held "did not announce a new state constitutional rule, did not implicate any constitutional right, is not retroactive, and may not serve as the basis for post-conviction relief." *Swiggett v. State*, No. E2002-00174-CCA-R3-PC, 2002 WL 31309174, at *2 (Tenn. Crim. App. Oct. 15, 2002) (rejecting argument under *Fiore* and quoting *Miller v. State*, 54 S. W. 3d 743, 744, 747 (Tenn. 2001), which joined "every other appellate court decision addressing the issue" in concluding "that *Brown* did not announce a new

8

state constitutional rule" and "is not to be given retroactive application")); *see also Miller v. Bell*, No. 3:01-cv-487, 2005 WL 8155162, at *50 (E.D. Tenn. Mar. 25, 2005) (holding *Fiore* inapposite to challenge based on *Brown*, because *Fiore* involved state's interpretation of conduct proscribed by statute, while *Brown* "made mere prospective changes in jury instructions" on elements unambiguously required to sustain first-degree murder conviction). *Montgomery* simply does not apply in these circumstances.

### III. CONCLUSION

As in *Wright*, 793 F.3d at 673, the petitioner here has had his day in court, as his chief contention "has been thoroughly litigated in the state and federal courts" over nearly thirty years. His latest Rule 60(b)(6) motion was not filed within a reasonable time, Fed. R. Civ. P. 60(c)(1), and it does not present an extraordinary circumstance justifying the equitable reopening of a judgment long since final.

For these reasons, the petitioner's Rule 60(b)(6) motion (Doc. No. 113) is **DENIED**. In light of this denial, the petitioner's motions to proceed as a pauper (Doc. No. 112) and to reappoint counsel (Doc. No. 115) are **DENIED** as moot. Because an appeal from this order would not be taken in good faith, the petitioner is **NOT** certified to pursue an appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

9

Case 3:90-cv-00780   Document 118   Filed 08/05/20   Page 9 of 9 PageID #: 931