IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN E. CARTER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 3:90-cv-00780 ) Judge Trauger |
| NEIL RONE, Warden, | ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Pending in this habeas corpus action is petitioner John E. Carter's motion for a new trial, to alter or amend judgment or make additional findings, and for relief from judgment. (Doc. No. 119.) The petition seeks such relief in response to this court's August 5, 2020 order (Doc. No. 118) denying his most recent motion under Rule 60(b) of the Federal Rules of Civil Procedure.

Also pending are two motions related to the petitioner's failure to receive the state's response to his prior Rule 60(b) motion. (Doc. Nos. 120, 121.)

The petitioner seeks relief from the court's August 5, 2020 order under "Fed.R.Civ.P. 52(b); 59(a); 59(b); 59(e); 60(b)(1); 60(b)(2); 60(b)(3); 60(b)(4); 60(b)(6); or any other law or rule that provides Carter relief." (Doc. No. 119 at 1.) Citing the universe of potential vehicles for a challenge to the prior order without electing any, the petitioner's motion has the overall tenor of an appellate brief. He argues that this court erred so comprehensively[1] in denying his fourth (and

---

[1] The petitioner argues that the court's "Memorandum and Order (Doc. No. 118) is based on fraud and misrepresentation by the Tennessee Attorney General, and predicated upon clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard, or makes clear errors of judgment resulting in an arbitrary, unjustifiable, clearly unreasonable judgment that caused extreme prejudice to Carter." (Doc. No. 119 at 1–2.)

most recent) Rule 60(b) motion that relief from the prior order is plainly required, so "that his first-degree murder convictions [can] be reduced to second-degree murder and his sentences adjusted accordingly." (Doc. No. 119 at 2, 22.) Of course, a motion for relief from judgment is not a substitute for appeal of the court's decision. *Rosenberg v. City of Kalamazoo*, 3 F. App'x 435, 436 (6th Cir. 2001). The instant motion must be considered under the standards applicable to post-judgment relief in the district court, as expressed in the civil rule that is most appropriate to the relief he seeks.

In his motion, the petitioner simply asks for "relief" from the court's prior order. However, he fundamentally seeks reconsideration of the issues adjudicated in that order. Such a motion for reconsideration is "generally consider[ed] . . . to be brought pursuant to Rule 59(e)," *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002), which allows a motion to alter or amend a judgment or a final order. *See Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010) (citation omitted) (interpreting Rule 59(e) to allow alteration of final orders as well as judgments). The Sixth Circuit has stated that "[a]n order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order." *In re Peace*, 581 B.R. 856, 858 (B.A.P. 6th Cir. 2018). Therefore, as long as the petitioner's motion for reconsideration was "filed no later than 28 days after the entry of the [order]," Fed. R. Civ. P. 59(e), it may be entertained by the court. The petitioner's motion was received in the Clerk's Office on August 27, 2020, within 28 days of the entry of the August 5 order, and is therefore timely under Rule 59(e).

However, alteration or amendment of the court's prior order under Rule 59(e) is only warranted if the petitioner identifies a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d

605, 620 (6th Cir. 2005)). The movant may not use Rule 59(e) to re-argue the case, or present evidence that should have been before the court at the time the judgment or final order entered. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (collecting cases).

While the instant motion takes issue with certain discrete statements in the court's prior order, it largely re-argues the positions taken in the petitioner's Rule 60(b) motion (Doc. Nos. 113, 114). It asserts manifest injustice in the state and federal courts' consistent refusal to revisit his 1983 conviction of first-degree murder in light of the Tennessee Supreme Court's 1992 clarification to the manner in which the elements of that crime are properly described.[2] However, such arguments do not persuade the court of the need to alter or amend its prior order, as that order principally relied upon—and found no extraordinary circumstances excusing—the untimeliness of the Rule 60(b) motion. In so doing, the order cited (1) the "definitively established . . . law of this case" that previous assertions of these arguments were untimely, and (2) the untimeliness apparent

---

[2] At that time, first-degree murder was defined to include, e.g., a killing that is "willful, deliberate, malicious, and premeditated." Tenn. Code Ann. § 39-2402 (1982). In *State v. Brown*, 836 S. W. 2d 530 (Tenn. 1992), the Tennessee Supreme Court stated as follows:

> It is consistent with the murder statute and with case law in Tennessee to instruct the jury in a first-degree murder case that no specific period of time need elapse between the defendant's formulation of the design to kill and the execution of that plan, but we conclude that it is prudent to abandon an instruction that tells the jury that "premeditation may be formed in an instant." Such an instruction can only result in confusion, given the fact that the jury must also be charged on the law of deliberation. If it was not clear from the opinions emanating from this Court within the last half-century, it is now abundantly clear that the deliberation necessary to establish first-degree murder cannot be formed in an instant.

*Id.* at 543. The petitioner has insisted that there was no evidence that he deliberated over the killings he committed with the "cool purpose" that is necessary to establish that statutory element of first-degree murder as interpreted in *Brown*, and that the state therefore failed to prove deliberation beyond a reasonable doubt.

in the petitioner's new attempt to ground a right to Rule 60(b) relief in a 2016 Supreme Court decision that had existed, and that he had known of, for several years. (Doc. No. 118 at 6–7.) The petitioner argues that the court did not properly consider the factors involved in determining whether his Rule 60(b) motion was filed "within a reasonable time," as required by subsection (c)(1) of the rule, but this argument is not persuasive for the reasons outlined in the court's prior order.

The prior order further found, alternatively, that even if the petitioner had timely sought relief under Rule 60(b)(6), the decision the petitioner relied upon, *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), did not support his motion to reopen this long-closed habeas case. The petitioner's instant motion takes issue with this alternative finding, arguing that *Montgomery* requires that the substantive rule announced by the Tennessee Supreme Court in 1992 be retroactively applied to his case. However, as explained in the court's prior order, the rule of *Montgomery* cannot be applied to the petitioner's case, because the 1992 Tennessee Supreme Court decision he relies upon did not announce any substantive rule but merely clarified the proper way to describe to a jury the established elements of first-degree murder. (*See* Doc. No. 118 at 8–9, and cases cited therein.)

In short, the petitioner has not demonstrated that he is entitled to relief from the court's November 5, 2020 order. His motion for such relief (Doc. No. 119) is therefore **DENIED**.

Should the petitioner desire to appeal the denial of his Rule 60(b) motion, he will have to obtain a certificate of appealability (COA). *Kelly v. Hoffner*, No. 16-1743, 2017 WL 6003435, at *1 (6th Cir. Mar. 6, 2017) (citing, *e.g.*, *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)) ("A prisoner must obtain a COA to appeal the denial of a Rule 60(b) motion filed in a post-conviction case."). To obtain a COA in this context, "a petitioner must demonstrate that jurists of

reason would find it debatable whether the district court properly denied the Rule 60(b) motion, and whether the underlying habeas petition states a valid claim of the denial of a constitutional right." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Having previously found that any appeal from the denial of Rule 60(b) relief would not be taken in good faith, and that the petitioner would therefore not be authorized by this court to pursue an appeal in forma pauperis (Doc. No. 118 at 9), the court **DECLINES** to issue a COA. The petitioner, should he wish to appeal, must obtain a COA directly from the Sixth Circuit.

Finally, the petitioner's motions for an order directing the state to verify that he never received the response to his Rule 60(b) motion (Doc. No. 120) and to provide him with a service copy of that response (Doc. No. 121) are **DENIED** as moot. Nevertheless, the Clerk **SHALL** include a copy of the state's response (Doc. No. 117) with the mailing of the petitioner's service copy of this order.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge